UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 11-06970-DD |
| Eric Jonathan Erickson, | Chapter 7 |
| Debtor. | ORDER DENYING MOTION TO REOPEN AND STRIKING ATTEMPT TO INITIATE ADVERSARY PROCEEDING |

This matter is before the Court to consider correspondence received from Joseph C. Sun on June 4, 2012 and June 7, 2012, attempting to initiate an adversary proceeding and asking that the bankruptcy case of Eric Jonathan Erickson ("Debtor") be reopened. A hearing was held on July 17, 2012. The Court now makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed for chapter 13 bankruptcy protection on November 9, 2011, and his case was converted to one under chapter 7 on January 17, 2012. Debtor's meeting of creditors was scheduled for February 29, 2012, was continued to March 28, 2012, and was continued a second time to April 24, 2012, when it was finally concluded. The deadline for filing objections to Debtor's discharge or the dischargeability of a particular debt was April 30, 2012. No objections were received, and Debtor received a discharge on May 22, 2012.

Mr. Sun's June 4 correspondence alleged that Mr. Sun retained Debtor, a lawyer, to represent him in connection with certain legal matters. Mr. Sun stated that his sister paid Debtor $6,000 as a retainer and $4,500 to be held in trust. Mr. Sun alleged that Debtor performed no meaningful legal work and refused to return the funds. In his June 7 correspondence, Mr. Sun alleged that he did not receive notice of Debtor's bankruptcy filing until April 30, 2012. Mr. Sun

requested that the case be reopened and that he be allowed to proceed against Debtor to "recover the money which Debtor [ ] had defrauded and embezzled from him."

Mr. Sun was not listed in Debtor's original Schedules. Debtor filed an amendment to his Schedules on March 26, 2012, adding Mr. Sun as a creditor.[1] The certificate of service attached to the amendment, dated March 21, 2012, indicates that Debtor served Mr. Sun with the amendment and with a Notice of the March 28 meeting of creditors.

Hearings were held on Mr. Sun's pleadings on July 17, 2012. Both Debtor and Mr. Sun appeared at the hearing. At the hearing, Mr. Sun told the Court that he first became aware of Debtor's bankruptcy on April 30, 2012, when he received a notice of the continuance of the meeting of creditors dated March 21, 2012. Mr. Sun initially claimed that he did not receive documents relating to Debtor's bankruptcy case because they were sent to a post office box which he closed in March 2012. After further questioning, Mr. Sun stated that the post office box was closed in early April 2012. In response, Debtor introduced documents subpoenaed from the Bluffton Post Office showing that Mr. Sun's post office box actually was not closed until May 25, 2012. Based on this information, the Court denied Mr. Sun's Motion to Reopen and struck Mr. Sun's attempt to initiate an adversary proceeding.

## **CONCLUSIONS OF LAW**

Fed. R. Bankr. P. 5010 provides, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." 11 U.S.C. § 350(b) governs reopening of bankruptcy cases and provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The bankruptcy

---

[1] The amendment was dated March 21, 2012, was received by the Court on March 23, 2012, and was entered on the Court's docket on March 26, 2012.

court has discretion to determine whether or not a case should be reopened. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984).

Mr. Sun seeks to obtain a determination that Debtor is indebted to him or his sister and should refund the retainer and trust funds and that the debt is not discharged. A chapter 7 debtor receives a discharge of all debts unless his discharge is denied under section 727 or a particular debt is not discharged under section 523. Section 523 sets forth several different types of debts that are not discharged in a bankruptcy case under chapters 7, 11, 12, or 13; however, with respect to the debts specified in section 523(a)(2), (4), or (6), the debtor will receive a discharge unless the creditor who is owed the particular debt requests a determination of nondischargeability from the court and the court determines, after notice and a hearing, that the debt is excepted from discharge. 11 U.S.C. § 523(c). Fed. R. Bankr. P. 4007 requires a creditor making such a request to do so by filing an adversary complaint and requires that the creditor file such a complaint "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Complaints to determine dischargeability other than under section 523(c) may be filed at any time. Fed. R. Bankr. P. 4007(b).

Mr. Sun requests a determination of nondischargeability based on fraud and embezzlement; as such, it is clearly within the scope of section 523(a)(2) and (a)(4).[2] As a result,

---

[2] Those sections provide:
  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
      (B) use of a statement in writing –
        (i) that is materially false;
        (ii) respecting the debtor's or an insider's financial condition;
        (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
        (iv) that the debtor caused to be made or published with intent to deceive; or
      (C)(i) for purposes of subparagraph (A) –

Mr. Sun was required to file his complaint within sixty days from February 29, 2012, the original date set for Debtor's meeting of creditors. Mr. Sun did not do so. As a result, his complaint was not timely filed and cannot be considered as a complaint under section 523(a)(2) and (a)(4).

Section 523(a)(3)(B) sets forth an exception to the deadline for bringing nondischargeability complaints. That section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
>
> . . .
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Mr. Sun represented to the Court that he did not receive notice of Debtor's bankruptcy case and was therefore unaware of the bankruptcy and could not file a timely objection to the dischargeability of his debt. However, evidence presented at the hearings on Mr. Sun's pleadings established that the documents filed in Debtor's bankruptcy case were served on Mr. Sun at his post office box, which was a valid address until May 25, 2012. Thus, Mr. Sun was

---

> (I) consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
> (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and
>   (ii) for purposes of this subparagraph –
>     (I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act; and
>     (II) the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor;
>
>   . . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

properly served. The last day to object to Debtor's discharge or the dischargeability of a particular debt was April 30, 2012, but Mr. Sun failed to file any pleadings with the Court relating to Debtor's discharge until June 4.  Mr. Sun had notice of Debtor's bankruptcy case in time to file an adversary complaint.  Section 523(a)(3)(B) is not applicable here.

Mr. Sun was listed as a creditor in Debtor's bankruptcy case and therefore is a party in interest who may seek reopening of the case.  However, no purpose exists to reopen the case here.  As discussed above, Mr. Sun's adversary proceeding cannot be commenced because his adversary complaint was not timely filed.  Mr. Sun did not request any other relief which would necessitate reopening Debtor's bankruptcy case.  No purpose exists to reopen Debtor's bankruptcy case, and Mr. Sun's Motion to Reopen is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/19/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 07/20/2012