**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-06970-DD |
| Eric Jonathan Erickson, | Chapter 7 |
| | **ORDER DENYING MOTION TO RECONSIDER** |
| Debtor. | |

This matter comes before the Court on a Motion to Reconsider ("Motion") received by the Court from Joseph C. Sun on August 6, 2012. Mr. Sun's Motion requests that the Court reconsider its Order entered July 20, 2012, in which the Court denied Mr. Sun's Motion to Reopen Eric Jonathan Erickson's ("Debtor") bankruptcy case and struck Mr. Sun's attempt to initiate an adversary proceeding. For the reasons set forth below, Mr. Sun's Motion is denied.

Debtor's bankruptcy case was filed on November 9, 2011 as a chapter 13 case and was converted to chapter 7 on January 17, 2012. Mr. Sun was not initially listed as a creditor on Debtor's schedules, but was added on March 26, 2012, and the certificate of service attached to the amendment indicates that Mr. Sun was served with the amendment and a notice of Debtor's continued meeting of creditors. Debtor's meeting of creditors was scheduled for February 29, 2012, was continued to March 28, 2012, and was continued a second time to April 24, 2012, when it was finally concluded. The deadline for filing objections to Debtor's discharge or the dischargeability of a particular debt was April 30, 2012. No objections were received, and Debtor received a discharge on May 22, 2012.

Mr. Sun filed a Motion to Reopen Debtor's bankruptcy case and sought to initiate an adversary proceeding. Mr. Sun alleged that he retained Debtor, a lawyer, to represent him in connection with certain legal matters. Mr. Sun stated that his sister paid Debtor $6,000 as a retainer and $4,500 to be held in trust. Mr. Sun alleged that Debtor performed no meaningful

legal work and refused to return the funds.  In his Motion to Reopen, Mr. Sun alleged that he did

not receive notice of Debtor's bankruptcy filing until April 30, 2012.  Mr. Sun requested that the

case be reopened and that he be allowed to proceed against Debtor to "recover the money which

Debtor [ ] had defrauded and embezzled from him."

The Court held a hearing on both matters on July 17, 2012.  Both Debtor and Mr. Sun

appeared at the hearing.  At the hearing, Mr. Sun told the Court that he first became aware of

Debtor's bankruptcy on April 30, 2012, when he received a notice of the continuance of the

meeting of creditors dated March 21, 2012.  Mr. Sun initially claimed that he did not receive

documents relating to Debtor's bankruptcy case because they were sent to a post office box

which he closed in March 2012.  After further questioning, Mr. Sun stated that the post office

box was closed in early April 2012.  In response, Debtor introduced documents subpoenaed from

the Bluffton Post Office showing that Mr. Sun's post office box actually was not closed until

May 25, 2012.  Based on this information, the Court denied Mr. Sun's Motion to Reopen and

struck Mr. Sun's attempt to initiate an adversary proceeding.

Mr. Sun now maintains that he did not receive the notice of Debtor's continued meeting

of creditors until April 30, 2012 and that he was not aware of Debtor's bankruptcy until that date.

He states that he mistakenly told the Court that his post office box was closed in March 2012.

He states that although the post office box was not actually closed until April 2012, the post

office box was not his official mailing address.  Mr. Sun states that he did not have access to the

post office box after April 2012, but on May 24, 2012, he paid the late fee on the box, believing

if he did so he could get his mail, but after doing so he found out that his mail had all been

returned to senders.  Mr. Sun states there was no possibility that he could have had knowledge of

the deadline for objecting to Debtor's discharge because he was not added as a creditor until

March 2012, and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines,

which set the date for objecting to discharge, was sent out on January 20, 2012; therefore, it was

not sent to Mr. Sun.  Mr. Sun claims that no other notices or deadlines were sent out after he was

added as a creditor, and therefore he had no way of knowing of the objection deadline.

Mr. Sun's Motion was filed seventeen (17) days after the Court's Order was entered. The

Court will construe Mr. Sun's Motion as one under Fed. R. Civ. P. 60(b).[1]  Fed. R. Bankr. P.

9024 provides that Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code, with certain

exceptions not applicable in this case.  Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
>     been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
>     misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
>     earlier judgment that has been reversed or vacated; or applying it
>     prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A party seeking relief under Rule 60(b) "must make a threshold showing of 'timeliness, a

meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional

circumstances.'"  *Huennekens v. Reczek*, 43 Fed. Appx. 562, 567 (4th Cir. 2002) (quoting

*Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).  Once the

party has made this required threshold showing, he must also satisfy one of the six enumerated

subsections of the Rule, set forth above.  *Id.*  Any doubt regarding whether relief should be

granted under Rule 60(b) should be resolved in favor of the movant.  *Id.* (citing *Augusta*

*Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811–12 (4th Cir. 1988)).

---

[1] *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 411–12, n.11 (4th Cir. 2010); *MLC Automotive, LLC v.
Town of Southern Pines*, 532 F.3d 269, 278 (4th Cir. 2008); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978).

Mr. Sun is not entitled to relief under Fed. R. Civ. P. 60(b).  First, it does not appear that he can make the required threshold showing.  He has not shown a meritorious defense, as he has presented no arguments different from those he presented in his previous pleadings filed with the Court and at the hearing.  Additionally, Mr. Sun has presented no circumstances which would qualify as exceptional.  Finally, it also appears that at least some prejudice to Debtor will result, as he received his chapter 7 discharge on May 22, 2012, over two months ago, and allowing Mr. Sun to continue to proceed against Debtor interferes with Debtor's fresh start.  Thus, it does not appear that Mr. Sun has made the required threshold showing under Rule 60(b).

Assuming, however, despite the foregoing, that the threshold showing has been met, Mr. Sun has not shown he is entitled to relief under any of the subsections of Rule 60(b).  He has simply restated the arguments that he made at the hearing.  Despite Mr. Sun's contention that the post office box was not his official mailing address and that he did not receive mail there, the post office box was open and was a valid address for Mr. Sun until May 25, 2012, after the deadline for objections to discharge expired, and in fact, after Debtor received his discharge.

Mr. Erickson added Mr. Sun as a creditor on March 26, 2012.[2]  The amendment to the schedule reflects that a copy of the amendment was mailed to Mr. Sun by Mr. Erickson.  There is a presumption that the document was received.  *See* Fed. R. Civ. P. 5(b)(2)(C); *United States v. Wright*, 2000 U.S. App. LEXIS 33122, at *10 (4th Cir. Dec. 18, 2000); *Hampton v. United States Postal Service*, 789 F.2d 916, 1986 U.S. App. LEXIS 18986, at *7, n.4 (4th Cir. 1986).  No evidence was introduced to rebut this presumption.  The only evidence is that Mr. Sun had a post office box, that the amended schedule, which put Mr. Sun on constructive notice of the bankruptcy case, was mailed to the post office box, and that Mr. Sun claims that he did not check

---

[2] The amendment is dated March 21, was received by the Court on March 23, 2012, and was entered on the docket on March 26, 2012.

his post office box for mail.  Mr. Sun's failure to collect his mail from the post office box does

not insulate him from service of the amended schedule.  Mr. Sun's Motion is denied.

        AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/13/2012**



Entered: 08/14/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina